UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, by its Attorney General, Keith Ellison,<br><br>     Plaintiff,<br><br>  v.<br><br>AMERICAN PETROLEUM INSTITUTE, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, KOCH INDUSTRIES, INC., FLINT HILLS RESOURCES LP, FLINT HILLS PINE BEND,<br><br>     Defendants. | Case No. 20-cv-1636-JRT-HB |

## MOTION TO REMAND TO STATE COURT

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Plaintiff State of Minnesota ("State") hereby respectfully moves the Court for an Order pursuant to 28 U.S.C. § 1447(c) to remand this matter to the Ramsey County District Court, Second Judicial District of Minnesota ("Motion"). Pursuant to the parties' Joint Motion to Set Briefing Schedule for Remand Motion (Dkt. No. 26) and the Court's August 26, 2020 Minute Order (Dkt. No. 31), the State shall file its memorandum of law, meet-and-confer statement, and proposed order in support of the Motion on September 10, 2020.

1

As grounds for this motion, the State asserts that removal was improper because the State's Complaint does not raise any federal claims, and Ramsey County District Court is the appropriate forum for adjudicating the exclusively state law claims brought by the State through the Attorney General. Defendants have not satisfied their burden to establish this Court's jurisdiction under any of the bases cited in Defendant ExxonMobil's Notice of Removal (Dkt. No. 1): 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1441(a), 1442(a), and 1453(b), and 43 U.S.C. § 1349(b)(1).

- **28 U.S.C. § 1441.** This Court lacks jurisdiction over the subject matter of this case because the State's claims are solely for violations of state law under state consumer protection and product defect laws. The Complaint asserts no federal law claims, nor does any claim in the State's well-pleaded complaint arise under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, as required for removal under 28 U.S.C. §§ 1441(a). Nor does the Complaint raise disputed, substantial questions of federal law sufficient to create federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Moreover, the State's claims are not completely preempted by federal law, and federal common law does not confer subject matter jurisdiction over the State's claims.

- **U.S. Const., art. I, § 8, cl. 17.** Nor is the case removable on the ground that some of the alleged injuries arose, or alleged conduct occurred, on "federal enclaves." The Complaint expressly disclaims injuries to any federal property in Minnesota, Compl. ¶ 9 n.4, and the State's claims did not arise on any federal enclave.

- **43 U.S.C. § 1349(b).** This case is not removable pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*, since the State's injuries were not caused by, do not arise from, and do not interfere with physical "operations" on the Outer Continental Shelf.

- **28 U.S.C. § 1442.** The case is not removable pursuant to 28 U.S.C. § 1442, because in carrying out the acts that are the subject of the State's Complaint, Defendants are not federal officers or persons acting under federal officers under color of such office.

- **28 U.S.C. § 1332(d).** The Class Action Fairness Act ("CAFA") does not provide jurisdiction because this is not a "class action," and CAFA does not apply to enforcement actions like this one, brought by the State under its own consumer protection and product defect laws.

- **13 U.S.C. § 1332(a).** This case was brought by the State, the real party in interest, and thus is not removable based on diversity because "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973).

Pursuant to 28 U.S.C. § 1447(c), the State further requests an award of attorney fees and costs incurred as a result of Defendants' improper removal.

Briefing on these matters will follow pursuant to the schedule set forth in the Court's previously referenced Order.

Respectfully submitted,

Dated: August 26, 2020

KEITH ELLISON
Attorney General
State of Minnesota

By:   /s/ Leigh Currie

LIZ KRAMER
Solicitor General
Atty. Reg. No. 0325089

OLIVER LARSON
Assistant Attorney General
Atty. Reg. No. 0392946

LEIGH CURRIE
Atty. Reg. No. 0353218
PETER N. SURDO
Atty. Reg. No. 0339015
Special Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101
(651)757-1291
leigh.currie@ag.state.mn.us

ATTORNEYS FOR STATE OF MINNESOTA