UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, by its Attorney General, Keith Ellison, | |
| Plaintiff, | Case No. 20-cv-1636-JRT-HB |
| v. | |
| AMERICAN PETROLEUM INSTITUTE, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, KOCH INDUSTRIES, INC., FLINT HILLS RESOURCES LP, FLINT HILLS PINE BEND, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
STATE OF MINNESOTA'S MOTION FOR JUST COSTS AND
<u>ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c)</u>**

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................. 1

II.  BACKGROUND ................................................................................................... 2

III.  LEGAL STANDARD ........................................................................................... 3

IV.  ARGUMENT ......................................................................................................... 5

V.  CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*,
    405 F. Supp. 3d 947 (D. Colo. 2019)......................................................... 1, 5, 8

*Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*,
    965 F.3d 792 (10th Cir. 2020) ..................................................................... 1, 9

*City & Cty. of Honolulu v. Sunoco LP*,
    No. 20-CV-00163-DKW, 2021 WL 531237 (D. Haw. Feb. 12, 2021) ................... 1, 5, 8

*City & Cty. of Honolulu v. Sunoco LP*,
    No. 21-15313 (9th Cir. Feb. 23, 2021) ...................................................... 1, 2

*City of Oakland v. BP PLC*,
    969 F.3d 895 (9th Cir. 2020) ..................................................................... 1, 9

*Convent Corp. v. City of N. Little Rock, Ark.*,
    784 F.3d 479 (8th Cir. 2015) ........................................................................ 4

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)...................................................................................... 4

*Cty. of San Mateo v. Chevron Corp.*,
    294 F. Supp. 3d 934 (N.D. Cal. 2018) .......................................................... 1, 8

*Cty. of San Mateo v. Chevron Corp.*,
    960 F.3d 586 (9th Cir. 2020) ..................................................................... 1, 9

*Dickerson Enterprises, Inc. v. M.R.P.I. Corp.*,
    No. C 12-3025-MWB, 2012 WL 3113913 (N.D. Iowa July 31, 2012).......................... 4

*Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*,
    545 U.S. 308 (2005).......................................................................... 2, 6, 8, 9

*James Valley Coop. Tel. Co. v. S. Dakota Network, LLC*,
    292 F. Supp. 3d 938 (D.S.D. 2017) .................................................................. 9

*Mallinckrodt, Inc. v. Andrx Lab'ys, Inc.*,
    No. 406CV662 CDP, 2006 WL 2598319 (E.D. Mo. Aug. 3, 2006) ......................... 9

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005)................................................................................... 4, 9

*Massachusetts v. Exxon Mobil Corp.*,
    462 F. Supp. 3d 31 (D. Mass. 2020) ...................................................... 1, 5, 7, 8

*Mayor & City Council of Baltimore v. BP P.L.C.*,
    388 F. Supp. 3d 538 (D. Md. 2019) ............................................................... 1, 5, 8

*Mayor & City Council of Baltimore v. BP P.L.C.*,
    952 F.3d 452 (4th Cir. 2020) ............................................................................ 1, 9

*Minnesota v. Am. Petroleum Inst.*,
    No. CV 20-1636 (JRT/HB), 2021 WL 1215656 (D. Minn. Mar. 31, 2021) .................. 1

*Moor v. Alameda Cty.*,
    411 U.S. 693 (1973) ............................................................................................... 8

*Rhode Island v. Chevron Corp.*,
    393 F. Supp. 3d 142 (D.R.I. 2019) ...................................................................... 1, 8

*Rhode Island v. Chevron Corp.*,
    979 F.3d 50 (1st Cir. 2020) ................................................................................. 1, 9

*Robinson v. Pfizer Inc.*,
    No. 4:16-CV-439 (CEJ), 2016 WL 1721143 (E.D. Mo. Apr. 29, 2016) ...................... 9

*Uptime Sys., LLC v. Kennard L., P.C.*,
    No. 20-1597 (JRT/ECW), 2021 WL 424470 (D. Minn. Feb. 8, 2021) ........................ 4

**Statutes**

28 U.S.C. § 1332 ............................................................................................................ 2

28 U.S.C. § 1442 ............................................................................................................ 2

28 U.S.C. § 1447(c) ............................................................................................... *passim*

28 U.S.C. § 1453 ............................................................................................................ 2

43 U.S.C. § 1331 ............................................................................................................ 2

## I.     INTRODUCTION

Plaintiff State of Minnesota ("State") is entitled to payment of just costs and expenses, including attorney fees, incurred as a result of Defendants' improper removal. *See* 28 U.S.C. § 1447(c). As the Court recognized in its Memorandum Opinion and Order Granting Motion to Remand and Denying Motion to Stay, Dkt. 76 ("Order"), Defendants' bases for removal presented a "bridge too far," were "gravely overstate(d)," "contrary to Supreme Court precedent," required an "exceptional logical leap," were "highly speculative," and lacked any "cognizable argument." *See* Order at 11–34, *also available at Minnesota v. Am. Petroleum Inst.*, No. CV 20-1636 (JRT/HB), 2021 WL 1215656 (D. Minn. Mar. 31, 2021), *appeal filed* (8th Cir. Apr. 5, 2021). In other words, Defendants lacked an objectively reasonable basis for seeking removal, particularly given the fact that in similar climate deception cases around the country, a number of courts had already rejected, and continue to reject, the same arguments for jurisdiction Defendants made here.[1]

---

[1] *See Cty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934, 937 (N.D. Cal. 2018) ("*San Mateo I*"), *aff'd in part, appeal dismissed in part*, 960 F.3d 586 (9th Cir. 2020), *reh'g en banc denied* (Aug. 4, 2020) ("*San Mateo II*"), *petition for cert. filed*, No. 20-884 (Jan. 4, 2021); *City of Oakland v. BP PLC*, 960 F.3d 570 (9th Cir. 2020), *opinion amended and superseded on denial of reh'g sub nom.*, 969 F.3d 895 (9th Cir. 2020) ("*Oakland*"), *petition for cert. filed*, No. 20-1089 (U.S. Jan. 8, 2021); *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538 (D. Md. 2019) ("*Baltimore I*"), *as amended* (June 20, 2019), *aff'd in part, appeal dismissed in part*, 952 F.3d 452 (4th Cir. 2020) ("*Baltimore II*"), *cert. granted*, 141 S. Ct. 222 (2020); *Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 405 F. Supp. 3d 947 (D. Colo. 2019) ("*Boulder I*"), *aff'd in part, appeal dismissed in part*, 965 F.3d 792 (10th Cir. 2020) ("*Boulder II*"), *petition for cert. filed*, No. 20-783 (Dec. 8, 2020); *Rhode Island v. Chevron Corp.*, 393 F. Supp. 3d 142 (D.R.I. 2019) ("*Rhode Island I*"), *aff'd in part, appeal dismissed in part*, 979 F.3d 50 (1st Cir. 2020) ("*Rhode Island II*"), *petition for cert. filed*, No. 20-900 (Jan. 5, 2021); *Massachusetts v. Exxon Mobil Corp.*, 462 F. Supp. 3d 31 (D. Mass. 2020); *City & Cty. of*

1

Defendants' baseless removal has already delayed this proceeding by more than nine months, and Defendants continue to attempt to unjustifiably delay and forestall the prompt resolution of this case. *See*, *e.g.*, State's Opposition Defendants' Motion to Stay pending appeal, Dkt. 91. Under these circumstances, an award of fees under Section 1447(c) is entirely appropriate.

## II.    BACKGROUND

The State sued Defendants in Minnesota state court on June 24, 2020, asserting state-law claims for (1) violations of the Minnesota Consumer Fraud Act; (2) failure to warn; (3) fraud and misrepresentation; (4) violations of the Minnesota Deceptive Trade Practices Act; and (5) violations of the False Statement in Advertising Act. Complaint ¶¶ 184–242 (Dkt. 1-1, "Compl."). The State's claims rest on Defendants' campaign to deceive and mislead the public and consumers about the devastating impacts of climate change and its link to fossil fuels, which led to disastrous impacts caused by profligate and increased use of Defendants' products. *Id.* ¶¶ 2–6. On July 27, 2020, Defendants improperly removed this state-court action to federal court based on grounds that have been consistently rejected by federal courts nationwide: (1) federal common law; (2) *Grable* jurisdiction; (3) federal enclave jurisdiction; (4) the federal officer removal statute, 28 U.S.C. § 1442; (5) the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*; (6) the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453; and (7) diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal (Dkt. 1, "Notice"); *supra* n.1.

---

*Honolulu v. Sunoco LP*, No. 20-CV-00163-DKW, 2021 WL 531237 (D. Haw. Feb. 12, 2021) ("*Honolulu*"), *appeals filed*, Nos. 21-15313 & 21-15318 (9th Cir. Feb. 23, 2021).

On September 10, 2020, the State filed its memorandum of points and authorities in support of its motion for remand in which it "respectfully request[ed] that the Court award just costs and actual expenses, including attorney's fees, incurred by the State as a result of Defendants' improper removal" because "Defendants' removal was objectively unreasonable, as demonstrated by the unanimous opinions of district and appellate courts across the country rejecting subject matter jurisdiction in substantially similar circumstances." *See* Dkt. 35 at 30. On November 9, 2020, Defendants filed their opposition to the motion to remand, Dkt. 44. On December 18, 2020, the State filed its reply, Dkt. 51. On January 19, 2021, the Court held oral argument, Dkt. 62. On March 31, 2021, the Court issued its Order granting remand, finding that "Defendants have not met their burden of establishing that federal jurisdiction is warranted on any of the grounds presented." Order at 3. The Order did not include a ruling on the State's request for fees and costs pursuant to Section 1447(c). The State timely brings this motion to seek such an award, fairly estimated at $305,400 for the approximately 580 hours that the Office of the Attorney General and its outside counsel spent in successfully opposing the removal.[2]

## III.   LEGAL STANDARD

In connection with an order remanding a case to the state court from which it was removed, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "'It is well

---

[2] If the Court grants this motion, the State will submit a declaration demonstrating the reasonableness of this award, incurred as a result of the removal and remand proceedings.

3

established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction.'" *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482 (8th Cir. 2015) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)); *Dickerson Enterprises, Inc. v. M.R.P.I. Corp.*, No. C 12-3025-MWB, 2012 WL 3113913, at *2 n.3 (N.D. Iowa July 31, 2012) ("Although the case is remanded, I will retain jurisdiction over the collateral issue of attorneys fees and costs under § 1447(c) for improper removal.").

"A district court has considerable discretion in determining whether to award attorney's fees pursuant to 28 U.S.C. § 1447(c)." *Convent Corp.*, 784 F.3d at 482 (quotation omitted). An award of fees is typically appropriate where "the removing party lacked an objectively reasonable basis for seeking removal," though "district courts retain discretion to consider whether unusual circumstances warrant a departure from [that] rule in a given case." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "When deciding whether to award fees and costs under § 1447(c), the Court 'should recognize Congress'[s] desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress'[s] basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Uptime Sys., LLC v. Kennard L., P.C.*, No. 20-1597 (JRT/ECW), 2021 WL 424470, at *3 (D. Minn. Feb. 8, 2021) (quoting *Martin*, 546 U.S. at 140). Indeed, in recent proceedings before the Supreme Court, some of these same Defendants argued that under Section 1447(c), "sanctions are available to deter frivolous removal arguments" or "bad-faith" arguments. *See* Brief for the

Petitioners at 35, *BP p.l.c. v. Mayor & City Council of Baltimore*, No. 19-1189 (U.S. Nov. 16, 2020) (quotations omitted).

## IV.   ARGUMENT

The Court's Order demonstrates that no objectively reasonable basis for federal subject-matter jurisdiction existed over this case. The Order recognizes that at their core, each purported basis for removal depends on Defendants' distorted, inaccurate depiction of the State's Complaint—a repeated bad-faith practice which multiple courts, including this Court, have called out and rejected in analogous decisions granting remand. *See, e.g.*, Order at 33 ("[T]he State's action here is far more modest than the caricature Defendants present."); *Honolulu*, 2021 WL 531237, at *1 ("The principal problem with Defendants' arguments is that they misconstrue Plaintiffs' claims."); *Baltimore I*, 388 F. Supp. 3d at 560 ("This argument rests on a mischaracterization of the City's claims."); *Boulder I*, 405 F. Supp. 3d at 969 ("Defendants mischaracterize Plaintiffs' claims."); *Massachusetts*, 462 F. Supp. 3d at 44 (criticizing "ExxonMobil's caricature of the complaint"). In addition, the Order confirms that Defendants' bases for removal lacked legal support, and at times directly contradicted controlling precedent.

For example, as to federal common law, the Court held that "[t]o adopt Defendants' theory, the Court would have to weave a new claim for interstate pollution out of the threads of the Complaint's statement of injuries," which was "a bridge too far." Order at 13. Instead, the Court "decline[d] Defendants' invitation to interpret this well-pleaded consumer protection action as a wholesale attack on all features of global fossil fuel extraction, production, and policy." *Id*. at 14. The Court went on to hold that Defendants'

attempt to use "artful pleading" to "establish a separate and independent exception to the well-pleaded complaint rule" "lacke[ed] support in this circuit and [was] contrary to Supreme Court precedent." *Id*. at 16. Moreover, Defendants' "proffer [of] multiple theories for how Plaintiff's claims might be related to federal common law . . . lack[ed] a substantial relationship to the actual claims alleged and would require the Court to invent a separate cause of action." *Id*. at 16–17.

As to *Grable* jurisdiction, the Court found that "[c]ontrary to Defendants' assertions, the Complaint does not require interpretation of any federal environmental regulations or climate treaties, nor does it ask a court to review federal agencies' management of interstate waters." *Id*. at 18. It held that Defendants' allegation "that the State seeks to supplant the federal government's authority over federal questions . . . . gravely overstate[d] the State's case, and it is unclear to the Court how a state court adjudicating a set of claims that fall well within a state's consumer protection interest will necessarily challenge the foundations of our system of government." *Id*. at 19. Similarly, the Court held that in claiming this case "will require a court to wade into disputed and substantial federal questions, including whether fossil fuels are unreasonably dangerous," Defendants "[a]gain . . . overstate[d] both the State's claims and what is required to prove them under Minnesota law." *Id*. at 19–20. The Court held that "this action does not present the doomsday scenario that Defendants present, and neither does it necessarily raise the disputed and substantial issues of federal law that are required for the Court to assert jurisdiction pursuant to *Grable*." *Id*. at 21. The Court concluded that "[a]ccepting Defendants' interpretation of *Grable* jurisdiction would require the Court to make an exceptional logical leap and interpret this

Complaint as a full-scale assault on all aspects of fossil fuel extraction, production, distribution, and use. That is not what the Complaint asserts on its face, and it is not within the Court's authority to rewrite the Complaint and make it so." *Id*. at 22.

As to federal officer jurisdiction, the Court held it did not apply because "there does not appear to be any direction from or connection to the federal government related to the specific claims alleged here." *Id*. at 24. The Court also held that Defendants failed to identify "any particular [colorable federal] defense or why it justifies application of the federal officer removal statute." *Id*. As to OCSLA, the Court again held that "[d]espite Defendants' argument . . . the State's claims are rooted not in the Defendants' fossil fuel production, but in its alleged misinformation campaign." *Id*. at 26. The Court also found that Defendants had "offer[ed] no basis for the Court to conclude that Minnesota's alleged injuries would not have occurred but-for the Defendants' extraction activities on the OCS." *Id*. at 26–27. Finally, the Court held that Defendants' argument that the damages sought "could substantially discourage production on the OCS" was "highly speculative and quite unlikely." *Id*. at 27. As to federal enclaves, the Court held that "the burden is on Defendants to demonstrate that federal enclaves are the locus in which the claims arose, and they have not done so." *Id*. at 29.

As to CAFA, the Court held that Defendants "identified no state statute or procedural rule that would classify a suit of this nature as a class action," and noted that "every court to have addressed the application of CAFA to actions brought by a State in *parens patriae* under state common law or consumer protection statutes has found that CAFA is not applicable." *Id*. at 31. Finally, as to diversity, the Court held "'[t]here is no

question that a State is not a "citizen" for purposes of the diversity jurisdiction.'" *Id*. at 32 (quoting *Moor v. Alameda Cty*., 411 U.S. 693, 717 (1973)). Finding that "Defendants have not offered any precedent or a cognizable argument for treating this as anything other than an action by the State of Minnesota," the Court rejected Defendants' arguments. *Id*. at 33. The Court concluded its analysis of federal jurisdiction by stating that "the State's action here is far more modest than the caricature Defendants present." *Id*.

In addition, Defendants never meaningfully attempted to distinguish their arguments on any issue from identical ones rejected by six other district courts and four circuit courts in substantially similar cases. Instead, as the court recognized when it rejected the same arguments once again in *Honolulu*, they "merely rearranged the deckchairs." *Honolulu*, 2021 WL 531237, at *5. *See San Mateo I*, 294 F. Supp. 3d 934 (rejecting federal common law, *Grable*, complete preemption, OCSLA, federal enclaves, federal officer, and bankruptcy removal as grounds for jurisdiction); *Baltimore I*, 388 F. Supp. 3d 538 (rejecting federal common law, *Grable*, complete preemption, OCSLA, federal enclaves, federal officer, and bankruptcy as grounds for jurisdiction); *Boulder I*, 405 F. Supp. 3d 947 (rejecting federal common law, *Grable*, complete preemption, OCSLA, federal enclaves, federal officer, and bankruptcy as grounds for jurisdiction); *Rhode Island I*, 393 F. Supp. 3d 142 (rejecting federal common law, *Grable*, complete preemption, OCSLA, federal enclaves, federal officer, and bankruptcy as grounds for jurisdiction); *Massachusetts*, 462 F. Supp. 3d 31 (rejecting federal common law, *Grable*, complete preemption, federal officer, and CAFA as grounds for jurisdiction); *Honolulu*, 2021 WL 531237 (rejecting federal common law, *Grable*, complete preemption, OCSLA, federal enclaves, and federal

officer as grounds for jurisdiction); *see also Baltimore II*, 952 F.3d 452 (holding only federal officer removal was reviewable on appeal and removal was not proper under federal officer statute); *Boulder II*, 965 F.3d 792 (same); *San Mateo II*, 960 F.3d 586 (same); *Rhode Island II*, 979 F.3d 50 (same); *Oakland*, 969 F.3d 895 (rejecting federal common law, *Grable*, and complete preemption as grounds for jurisdiction).

Taken together, Defendants' presentation makes clear that the only purpose served by removal was "prolonging litigation and imposing costs on the" State, *see Martin*, 546 U.S. at 140. Fee awards under § 1447(c) are meant to deter precisely such conduct. *See James Valley Coop. Tel. Co. v. S. Dakota Network, LLC*, 292 F. Supp. 3d 938, 947 (D.S.D. 2017) ("Certainly, a court ought to require payment of costs and fees when there is a question about improper motive behind the attempted removal, although the statute does not require a finding of bad faith or improper motive as a condition to awarding fees and costs."); *Mallinckrodt, Inc. v. Andrx Lab'ys, Inc.*, No. 406CV662 CDP, 2006 WL 2598319, at *5 (E.D. Mo. Aug. 3, 2006) (finding "an award of attorney's fees and costs against the defendants to be just" because the case had "been sidetracked for several months by a jurisdictional issue that should have been clear to the defendants from the face of [plaintiff's] state-court petition"). Additionally, "[i]n light of these repeated admonishments and remands to state court" across the country, Defendants "can no longer argue that [their] asserted basis for seeking removal to federal court in these circumstances is objectively reasonable." *Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. Apr. 29, 2016), *appeal dismissed*, 855 F.3d 893 (8th Cir. 2017).

9

The Court should therefore award the State just costs and actual expenses incurred as a result of removal.

## V.     CONCLUSION

Defendants had no objectively reasonable basis to remove this case, and the Court should exercise its broad discretion and award the State just costs and actual expenses incurred as a result of removal.

Respectfully Submitted,

Dated:  April 15, 2021                    KEITH ELLISON
                                          Attorney General
                                          State of Minnesota

                           By:     */s/ Leigh Currie*

                                   LIZ KRAMER
                                   Solicitor General
                                   Atty. Reg. No. 0325089

                                   OLIVER LARSON
                                   Assistant Attorney General
                                   Atty. Reg. No. 0392946

                                   LEIGH CURRIE
                                   Special Assistant Attorney General
                                   Atty. Reg. No. 0353218

                                   PETER N. SURDO
                                   Special Assistant Attorney General
                                   Atty. Reg. No. 0339015

                                   445 Minnesota Street, Suite 1400
                                   St. Paul, Minnesota 55101-2131
                                   Tel. (651) 757-1010
                                   liz.kramer@ag.state.mn.us
                                   oliver.larson@ag.state.mn.us
                                   leigh.currie@ag.state.mn.us
                                   peter.surdo@ag.state.mn.us

VICTOR M. SHER (*pro hac vice*)
MATTHEW K. EDLING (*pro hac vice*)

SHER EDLING LLP
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel. (628) 231-2500
vic@sheredling.com
matt@sheredling.com

ATTORNEYS FOR STATE OF MINNESOTA

11