**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STATE OF MINNESOTA, *by its Attorney General Keith Ellison*,

Plaintiff,

v.

AMERICAN PETROLEUM INSTITUTE, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, KOCH INDUSTRIES, INC., FLINT HILLS RESOURCES, LP, and FLINT HILLS RESOURCES PINE BEND,

Defendants.

Civil No. 20-1636 (JRT/HB)

**MEMORANDUM OPINION AND ORDER**

Elizabeth C. Kramer, Leigh K. Currie, Oliver J. Larson, and Peter N. Surdo, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101; Matthew Kendall Edling and Victor Marc Sher, **SHER EDLING LLP**, 100 Montgomery Street, Suite 1410, San Francisco, CA 94104, for plaintiff.

Eric F. Swanson and Thomas H. Boyd, **WINTHROP & WEINSTINE PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402; Andrew Gerald McBride, **MCGUIRE WOODS LLP**, 2001 K Street Northwest, Suite 400, Washington, DC 20006; and Brian David Schmalzbach, **MCGUIRE WOODS LLP**, 800 East Canal Street, Richmond, VA 23219, for defendant American Petroleum Institute.

Jerry W. Blackwell and Gurdip S. Atwal, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415; Daniel J. Toal and Theodore V. Wells, Jr., **PAUL WEISS RIFKIND WHARTON & GARRISON LLP**, 1285 Avenue of the Americas, New York, NY 10019; Justin Anderson, **PAUL, WEISS RIFKIND WHARTON & GARRISON LLP**, 2001 K Street Northwest, Washington, DC 20006; and Patrick J. Conlon, **EXXON MOBIL**

**CORPORATION**, 22777 Springwoods Village Parkway, Suite N1.4B.388, Spring, TX 77389, for defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation.

Michelle Schmit and Stephen Andrew Swedlow, **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 191 North Wacker Drive, Suite 2700, Chicago, IL 60606; William Anthony Burck, **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 1300 I Street Northwest, Suite 900, Washington, DC 20005; Andrew M. Luger, **JONES DAY**, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402; Debra Rose Belott, **JONES DAY**, 51 Louisiana Avenue Northwest, Washington, DC 20001; and Andrew W. Davis, Peter J. Schwingler, and Todd A. Noteboom, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for defendants Koch Industries, Inc., Flint Hills Resources, LP, and Flint Hills Resources Pine Bend.

Plaintiff State of Minnesota ("the State") commenced this action in state court against Defendants American Petroleum Institute ("API"), Exxon Mobil Corporation, ExxonMobil Oil Corporation, Koch Industries, Inc., Flint Hills Resources LP, and Flint Hills Resources Pine Bend (collectively, "Defendants"), asserting five causes of action for violations of Minnesota common law and consumer protection statutes. Defendants removed the action to federal court and the Court granted the State's motion to remand. Defendants subsequently filed a Motion to Stay execution of the remand order. Because the Court finds that issuing a stay comports with the discretionary factors for a stay pending appeal and is the most prudent course of action at this time, the Court will grant Defendants' Motion to Stay the remand order. However, the Court recognizes that the balance of factors justifying a stay will likely shift over time, and will consider reassessing the stay in twelve months, should the appeal remain unresolved at that time.

The State has also filed a Motion for Attorney Fees. Because the Court finds that Defendants' asserted grounds for removal were not objectively unreasonable, the Court will deny this Motion.

**BACKGROUND**

The facts of this case are well known to the Court and parties. *See Minnesota v. American Petroleum Inst. et al.*, No. 20-1636, 2021 WL 1215656, at *1–3 (D. Minn. Mar. 31, 2021). As relevant here, the State commenced this action in state court alleging that Defendants perpetrated and directed a misinformation campaign over several decades, designed to mislead the public about the dangers of fossil fuels and their relation to climate change. (Notice of Removal, Ex. A ("Compl.") ¶¶ 82–131, July 27, 2020, Docket No. 1-1.) The Complaint asserted five counts: (1) violations of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69; (2) failure to warn under common law theories of strict liability and negligence against all Defendants except API; (3) common law fraud and misrepresentation; (4) violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44; and (5) violations of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67. (*Id.* ¶¶ 184–242.)

Defendants removed the action to federal court, raising seven grounds for federal jurisdiction over this matter: (1) federal common law; (2) the "*Grable* doctrine"; (3) the federal officer removal statute, 28 U.S.C. § 1442(a)(1); (4) the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b); (5) federal enclave jurisdiction; (6) the Class Action Fairness

Act, 28 U.S.C. § 1332(d), 28 U.S.C. § 1453(b); and (7) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Notice of Removal at 11–12, July 27, 2020, Docket No. 1.)

The State moved to remand the case to state court, (Mot. Remand, Aug. 26, 2020, Docket No. 32), and on March 31, 2021, the Court issued an Order concluding that it lacked jurisdiction over the action and granting the State's motion. *American Petroleum Inst.*, 2021 WL 1215656, at *13, *15.[1] The same day, Defendants filed an emergency motion asking the Court to issue a temporary administrative stay of the execution of its remand order, (Emer. Mot. Stay, Mar. 31, 2021, Docket No. 77), which the Court granted, (Text Order, Apr. 7, 2021, Docket No. 86). Defendants then appealed the remand order to the Eighth Circuit. (Notice of Appeal, Apr. 1, 2021, Docket No. 81.)

Defendants have filed a Motion to Stay execution of the remand order during the pendency of the appeal. (Mot. Stay Remand, Apr. 7, 2021, Docket No. 87; Not. Appeal, Apr. 1, 2021, Docket No. 81.) The State has also filed a Motion for Attorney Fees. (Mot. Att'y Fees, Apr, 15, 2021, Docket No. 94.)

[1] The Court also denied a motion to stay filed by Defendants Koch Industries, Inc., Flint Hills Resources LP, and Flint Hills Resources Pine Bend (collectively, "FHR Defendants"). *American Petroleum Inst.*, 2021 WL 1215656, at *14.

## DISCUSSION

### I. MOTION TO STAY REMAND ORDER

#### A. Standard of Review

The Court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In deciding whether to grant a stay pending appeal, the Court considers: (1) the applicant's likelihood of success on the merits; (2) irreparable injury to the applicant absent a stay; (3) injury to the other parties if a stay is issued; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The last two factors merge when the government is the party opposing the stay. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The most important factor is the likelihood of success on the merits, although it is also necessary for the moving party to show that irreparable injury is likely to result unless a stay is granted. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). Because the "stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules[,]" *Hilton*, 481 U.S. at 777, but is rather "an exercise of judicial discretion" that depends upon the facts and circumstances presented in a particular case, *Nken*, 556 U.S. at 433 (quotation omitted).

## B. Analysis

### 1. Likelihood of Success on the Merits

In support of the Motion to Stay, Defendants reiterate their original arguments for removal. In response, the State argues that courts across multiple jurisdictions have come to the same conclusion on remand when faced with similar arguments as those raised by Defendants here. While the Court is confident that remand was the only legally defensible option at the time it issued its Order, it recognizes that this action raises weighty and significant questions that intersect with rapidly evolving areas of legal thought. Two intervening decisions are particularly significant to the Court's assessment of whether Defendants have established a likelihood of success on appeal: *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021) and *BP p.l.c. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532 (2021).

In *City of New York*, the City asserted public and private nuisance claims related to environmental and infrastructure damage purportedly caused or exacerbated by climate change. 993 F.3d at 88. The Second Circuit found that federal common law governed the City's common law nuisance claims, the Clean Air Act displaced those federal common law claims, and that the state common law nuisance claims—displaced by federal common law in the first instance—could not be resuscitated. *Id.* at 91–100. The case clearly established in the Second Circuit that federal common law is the appropriate vehicle for addressing the climate change claims and injuries alleged by the City.

The Court notes that the claims alleged in *City of New York* are distinguishable from the claims that the State raises here: the City of New York asserted public and private nuisance related explicitly to environmental and infrastructure damage against both foreign and domestic defendants; these are markedly different causes of action than the consumer protection and misrepresentation claims alleged by the State. Further, the Second Circuit was careful to distinguish its own analysis in *City of New York*—a case originally filed in federal court—from the conclusions reached by courts that had addressed federal common law exclusively in the context of removal jurisdiction.[2] Nevertheless, the Court finds that the Second Circuit's decision in *City of New York* provides a legal justification for addressing climate change injuries through the framework of federal common law and thus at least slightly increases the likelihood that Defendants will prevail on their efforts to keep this, and similar actions, in federal court.

Further, the Supreme Court's recent decision in *BP p.l.c. v. Mayor and City Council of Baltimore*, established that the Courts of Appeals may consider all asserted grounds for removal in a district court's remand order reviewed pursuant to 28 U.S.C. § 1447(d); appellate review is not limited to the arguments for removal rooted in the federal officer

[2] Whereas the Second Circuit considered defendants' preemption defense on its own terms, courts considering motions to remand must address the separate question of "whether the defendants' anticipated defenses could singlehandedly create federal-question jurisdiction under 28 U.S.C. § 1331 in light of the well-pleaded complaint rule[.]" *City of New York*, 993 F.3d at 94. The Second Circuit concluded that because of this distinction, other courts' conclusions that "federal preemption does not give rise to a federal question for purposes of removal" is not in conflict with the holding in *City of New York*. *Id.*

removal statute, 18 U.S.C. § 1442 and civil rights actions, 18 U.S.C. § 1443. *Baltimore*, 141 S. Ct. at 1538, 1543. The Eighth Circuit had previously constrained its appellate review of remand orders under § 1447(d) to the specific grounds addressed in that section. *See Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012) (declining to review federal common law grounds for removal but reviewing district court's analysis of federal officer removal statute, pursuant to § 1447(d)). Accordingly, after *Baltimore* the Eighth Circuit may review all grounds for removal asserted and addressed in the Court's remand order in this matter. Although the Supreme Court declined to address any of the merits questions regarding whether federal common law applies to climate change related injuries, the *Baltimore* decision increases the likelihood that an appellate court will determine that certain climate change claims arise exclusively under federal law, and any resulting circuit split will require resolution. Although likelihood of success on the merits presents a close call, the Court finds that Defendants have shown more than a "mere possibility of relief[.]" *Nken*, 556 U.S. at 434. Accordingly, this factor narrowly weighs in favor of granting the stay at this stage in Defendants' appeal.

**2. Irreparable Injury**

Defendants argue that they will suffer irreparable harm if a stay is not granted for two primary reasons: Defendants will be burdened by litigating the merits of the case in state court while their appeal is pending in federal court and the state court could rule on

various substantive and procedural motions, including dispositive motions, during the appeals process.

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996). Showing "some possibility of irreparable injury fails to satisfy the second factor." *Nken*, 556 U.S. at 435 (quotation omitted). Although economic losses alone do not generally constitute irreparable harm, economic losses may be considered if they are unrecoverable in a lawsuit or where petitioners demonstrate a potential loss of consumer goodwill. *Iowa Utilities Bd.*, 109 F.3d at 426.

Defendants argue that all parties to this action will be burdened by litigating in two forums, particularly due to sunken litigation costs and expended resources. However, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974). Further, "cost, inefficiency, and inconvenience do not amount to the certain and great harm that must justify a stay." *Pederson v. Trump*, No. 19-2735, 2020 WL 4288316, at *5 (D. Minn. July 26, 2020) (quotation omitted). The Court accordingly rejects Defendants' arguments that litigation costs and spent resources establish irreparable harm.

The Court does, however, find merit in Defendants' second argument. Because *Baltimore* has significantly expanded the scope of the Eighth Circuit's review of the remand order, it is possible that the appellate proceedings will be prolonged and may exceed typical timelines for an appeal of this nature. There is, therefore, a heightened likelihood that the state court would decide the merits of the claims or address dispositive motions before Defendants' appeal is fully exhausted. The State contends that, even if the state court ruled on substantive or procedural motions, there are clear statutory mechanisms for managing removal of a case after substantive proceedings have commenced in state court. *See* 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1975).

While this may be true, the Court finds that dispositive resolution of the claims pending full appellate review would constitute a concrete and irreparable injury, particularly "where a failure to enter a stay will result in a meaningless victory in the event of appellate success[.]" *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 274 (E.D. Va. 1995). The Court also recognizes that as Defendants' appeal progresses the likelihood of irreparable harm from state court rulings diminishes, and the Court may reassess whether a continued stay is warranted as the appellate proceeding moves closer to resolution. Nevertheless, the Court finds that Defendants have demonstrated a likelihood of irreparable harm at this time.

**3. Injury to Opposing Party & the Public Interest**

Defendants argue that both parties will benefit from a stay because it would conserve resources rather than forcing the parties to engage in simultaneous litigation in state and federal court. The State responds that a stay would prevent prompt redress of its claims, which would be determinantal to the State and its residents. However, the ability of the state court to promptly redress the States' claims while appellate review is underway is, as described above, the very condition that establishes a likelihood of irreparable injury for Defendants.

The public no doubt has an interest in the State's ability to seek redress and adjudicate its claims in the proper forum. However, the public also has an interest in conserving resources by avoiding unnecessary or duplicative litigation, particularly where, as here, the Eighth Circuit will be addressing for the first time whether the state court has jurisdiction to resolve the claims and redress the injuries alleged at all. *See, e.g.*, *Estate of Magioli v. Andover Subacute Rehabilitation Center I*, No. 21-2120, 2021 WL 2525714, at *7 (D.N.J. June 18, 2021). This is not a case of applying thoroughly developed law to well-tread factual patterns; when it comes to questions of the proper forum for adjudicating harms related to climate change, "the legal landscape is shifting beneath [our] feet." *City of Annapolis v. BP p.l.c.*, No., 2021 WL 2000469, at *4 (D. Md. May 19, 2021) (quotation omitted). The Court finds that it makes sense for all parties to allow the Eighth Circuit to address these weighty jurisdictional issues prior to commencing litigation

in state court. Should the Eighth Circuit ultimately disagree with the Court's reasoning and find that remand was unwarranted, the public would be better served by concentrating resources and litigating these claims in the most appropriate forum. Should the Eighth Circuit uphold the remand order, the State will not be unduly prejudiced. However, the Court recognizes that excessive delay could prejudice the State and chill the public's right to pursue redress, and may elect to reevaluate these factors if necessary.

### C. Motion to Stay Conclusion

Because the Court cannot foreclose the possibility of a final disposition on the claims in state court prior to resolution of the appeal, and because the impacts of the *Baltimore* and *City of New York* decisions have not yet been tested in the Eighth Circuit, the Court finds it prudent to stay this action pending appellate review. Considerations of judicial economy and conservation of resources also weigh in favor of staying execution of the remand order as the Eighth Circuit determines whether the state or federal court has jurisdiction over this matter. The Court will therefore grant the Defendants' Motion to Stay execution of the remand order. However, the Court recognizes that the balance of factors will likely shift over time and therefore may reevaluate the propriety of the stay if Defendants' appeal remains unresolved twelve months after the issuance of this Order.

## II. MOTION FOR ATTORNEY FEES

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award fees and costs as part of a remand is discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* To determine whether the removing party "lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant." *Convent Corp. v. City of North Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (quotations omitted).

The Court finds that an award of attorney fees and costs is unwarranted here. Defendants had an arguable basis for federal jurisdiction when they removed this action to federal court. Although the Court ultimately found that it lacks jurisdiction, it issued its remand order only after thoroughly evaluating the nuanced and complex legal questions presented. *See, e.g.*, *Johnson v. LaSalle Bank Nat. Ass'n*, 663 F. Supp. 2d 747, 755–56 (D. Minn. 2009).

Further, despite the fact that other circuits have rejected similar grounds for removal, the Eighth Circuit has not yet had the opportunity to address the arguments that Defendants raise here. As noted above, the issues presented in this case intersect with rapidly evolving areas of law and it is not unreasonable for Defendants to assert novel

arguments or preserve arguments as issues for appeal. *See Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *5 n.2 (D. Minn. Dec. 2, 2020).

The Court concludes that removal advanced critical legal questions that have not yet been resolved by the higher courts. Thus, the Court will deny the State's request for attorney fees at this time.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Defendants' Motion to Stay Execution of the Remand Order [Docket No. 87] is **GRANTED**;

2. Plaintiff's Motion for Attorney Fees [Docket No. 94] is **DENIED.**

DATED: August 20, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court