**The Office of**
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity, safety, and respect • www.ag.state.mn.us

August 18, 2023

The Honorable John R. Tunheim
United States District Court                              **VIA ECF**
15 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   State of Minnesota v. American Petroleum Institute et al.
      United States District Court – District of Minnesota
      Case No. 20-cv-01636-JRT-HB
      Request to Lift Stay

Dear Judge Tunheim,

The State writes in response to Defendants' August 2, 2023 letter, Dkt. 131, which asked the Court to maintain the stay and to not execute its order granting the State's motion to remand to state court, Dkt. 76.

A further stay is unwarranted. At this point, both this Court and the Eighth Circuit have concluded that this matter must be remanded to state court. The Defendants motioned the Eighth Circuit to stay its mandate while the Defendants' petitioned the Supreme Court for review. The Eighth Circuit denied that motion. The Defendants now ask this Court to grant the relief (a further stay) that the Eighth Circuit would not.

At this point, the State does not believe this Court has the discretion to maintain a stay, given the Eighth Circuit's ruling and its refusal to stay its own mandate. On remand, the district court is required to follow mandates of the circuit court. *Pearson v. Norris*, 94 F.3d 406, 409 (8th Cir. 1996). The only exceptions to the so-called "mandate rule" that permit a district court to revisit an issue decided by the court of appeals are "(1) the availability of new evidence, (2) an intervening change of controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Hopkins v. Jegley*, 508 F. Supp. 3d 361, 376 (E.D. Ark. 2020) (quoting *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc.*, 896 F. Supp. 912, 914 (E.D. Ark. 1995)).

Even if this Court had the discretion to maintain the stay, it should refuse to do so here. The progression of this matter has already been substantially delayed by the Defendants' improper removal. This Court observed that a stay was a close question when it entered it. The Supreme Court recently denied petitions to review appellate decisions affirming orders granting motions to remand in six similar matters.[1] And there is no prejudice to the Defendants if this matter is

---

[1] *See Chevron Corp. v. City of Hoboken*, 143 S. Ct. 2483 (May 15, 2023) (denying cert.); *Sunoco LP v. City & Cnty. of Honolulu*, 143 S. Ct. 1795 (Apr. 24, 2023) (denying cert.); *BP P.L.C. v. Mayor & City Council of Balt.*, 143 S. Ct. 1795 (Apr. 24, 2023) (denying cert.); *Suncor Energy (U.S.A.) Inc. v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, 143 S. Ct. 1795 (Apr. 24, 2023) (denying cert.); *Shell Oil Prod. Co. v. Rhode Island*, 143 S. Ct. 1796 (Apr. 24, 2023) (denying cert.); *Chevron Corp. v. San Mateo Cnty.*, 143 S. Ct. 1797 (Apr. 24, 2023) (denying cert.).

Judge Tunheim
Page Two
August 18, 2023

remanded. In the unlikely event the Supreme Court grants review, and overturns existing precedent, the work done in state court will still be germane to the resolution of this matter in federal court. Finally, the State notes that the Defendants have made no effort to expedite the filing of their petition for review, despite asking this Court to stay the remand while they do so.

Accordingly, we respectfully request this Court lift the stay and remand proceedings to state court.

Sincerely yours,

*/s/ Oliver Larson*

OLIVER LARSON
Assistant Attorney General
445 Minnesota St., Suite 900
St. Paul, MN 55101
Tel: 651.757.1265
oliver.larson@ag.state.mn.us

cc: All Counsel of Record (via ECF)